UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GG 14-04308-jtg

ERVIN E. ROSE,                                            Chapter 13

    Debtor.                            Hon. John T. Gregg

_____/

**MEMORANDUM DECISION**
**REGARDING FEE APPLICATION**

APPEARANCES:  Roger G. Cotner, Esq. for COTNER LAW OFFICES, Grand Haven, Michigan; Matthew W. Cheney, Esq. for the UNITED STATES TRUSTEE, Grand Rapids, Michigan; Elizabeth T. Clark, Esq. for BRETT N. RODGERS, Chapter 13 Trustee, Grand Rapids, Michigan

This matter comes before the court on the Second Application for Allowance and Payment of Debtor's Attorneys' Fees and Expenses [Dkt. No. 90] (the "Application") filed by the Cotner Law Offices, counsel to the debtor in this Chapter 13 case (the "Applicant").  In the Application, the Applicant seeks an interim award of compensation and reimbursement of expenses in the aggregate amount of $1,240.56.  Brett N. Rodgers, the Chapter 13 trustee (the "Trustee"), and Daniel M. McDermott, the United States Trustee for Region 9 (the "UST"), filed separate, albeit similar, objections [Dkt. Nos. 95, 96].  The Trustee and the UST contend that a significant portion of the fees and expenses sought by the Applicant violate *Baker Botts L.L.P. v. ASARCO LLC*, ___ U.S. ___, 135 S. Ct. 2158 (2015) and are otherwise non-compensable.  The Trustee also objects to the award of any additional compensation because of the routine nature of the case to date.  For the following reasons, the court shall approve the Applicant's fees and expenses in a reduced amount.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) – (B).

## BACKGROUND

On June 24, 2014, Ervin Rose (the "Debtor") filed a petition for relief under Chapter 13 with the assistance of the Applicant. As part of the order confirming the Debtor's plan [Dkt. No. 65], the Applicant was awarded compensation in the amount of $3,200.00.

The Applicant subsequently filed a first post-confirmation fee application [Dkt. No. 73] (the "First Application") which drew an objection from the Trustee because the fees requested were allegedly unreasonable. The court eventually sustained several of the Trustee's objections and entered an order awarding additional compensation and reimbursement of expenses in the aggregate amount of $3,344.28 [Dkt. No. 86].

On June 10, 2016, the Applicant filed the Application. The objections of the Trustee and the UST were filed shortly thereafter. As an initial matter, the Trustee argues that the court should not approve *any* of the fees and expenses requested in the Application. The Trustee maintains that the fees and expenses are unreasonable in light of the compensation previously awarded and the routine nature of this case.

The Trustee and the UST further argue that the following fees should not be approved because they relate to the defense of the First Application:

| Date | Description | Time | Value ($) |
|------|-------------|------|-----------|
| 8/3/2015 | Review/analyze trustee's objection to fee application | 0.30 | 72.00 |
| 8/8/2015 | Analyze trustee's objection to fee application; calculate possible settlement scenarios; and draft email to trustee's attorney re same | 0.20 | 48.00 |
| 8/17/2015 | Research 704(a)(5) for "purpose served" cases. | 0.10 | 24.00 |

| Date | Description | Time | Value ($) |
|---|---|---|---|
| 8/19/2015 | Letter to client re hearing on Cotner's fee application | 0.30 | 72.00 |
| 9/1/2015 | Prepare for and attend telephonic hearing for bench opinion on application for additional attorney fees | 0.80 | 120.00 |
| 9/3/2015 | Analysis of disallowances and write up additional notes from court's 9/1/15 bench opinion on application for additional attorney fees | 0.40 | 96.00 |

The Trustee and the UST also object to expenses for parking, mileage, postage and copying in the aggregate amount of $46.56 because they, too, relate to defense of the First Application.

The Trustee and the UST further contend that the following time entries are not compensable and, even if compensable under some circumstances, are nonetheless unreasonable in this case[1]:

| Date | Description | Time | Value ($) |
|---|---|---|---|
| 6/27/2015 | Review attorney time log for accuracy, lumping, etc. | 0.40 | 96.00 |
| 7/7/2015 | Review, revise fee application and supporting documents | 0.30 | 72.00 |

The court held a hearing regarding the Application on July 14, 2016. During the hearing, the Applicant asserted, among other things, that the fees in the Application that relate to defense of the First Application should be approved because it has already "waived" nearly $5,000.00 in fees and expenses. The Applicant also argued that *ASARCO* is distinguishable because it involved fees and expenses in Chapter 11, not Chapter 13. Finally, the Applicant contended that confirmation of the Debtor's plan was *res judicata* as to its retention agreement, which expressly entitles the Applicant to seek fees and expenses from the Debtor for defending any fee application.

---

[1] The UST also objected because the amount sought by the Applicant was unclear due to certain discrepancies. At the initial hearing, the Applicant acknowledged some inconsistencies and reduced its request accordingly.

Because the Applicant introduced arguments for the first time at the hearing, the court provided the parties with an opportunity to file supplemental briefs. All three parties timely filed supplemental briefs [Dkt. Nos. 108, 109, 111] in accordance with the court's scheduling order [Dkt. No. 106]. The court held a final hearing on the Application on October 20, 2016.[2] After carefully considering the parties' arguments, the court shall sustain a majority of the objections and approve fees and expenses in the aggregate amount of $640.56.

## DISCUSSION

The Applicant requests that the court award compensation and reimbursement of expenses under section 330(a). Section 330(a)(4) provides, in pertinent part, that in a Chapter 13 case, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on consideration of the benefit and necessity of such services to the Debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). Section 330(a)(3) sets forth a non-exclusive list of those factors. *See*, *e.g.*, *In re Hirsch*, 550 B.R. 126, 138 (Bankr. W.D. Mich. 2016). The Applicant has requested that any fees and expenses awarded be paid by the Trustee as an administrative expense. 11 U.S.C. § 503.

A professional requesting approval of fees and expenses bears the burden of proof by a preponderance of the evidence. *In re Hirsch*, 550 B.R. at 138 (citations omitted). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to creditors or use by debtor." *In re Ulrich*, 517 B.R. 77, 80 (Bankr. E.D. Mich. 2014) (citations omitted).

---

[2]   The parties agreed that an evidentiary hearing was unnecessary and requested that the court decide the issues based on the pleadings.

*A.*      *The Fees and Expenses Are Not Unreasonable on the Whole*

As an initial matter, the Trustee objects to all fees and expenses sought in the Application. The Trustee emphasizes that over $6,500 in fees and expenses have already been approved to date in what has been a relatively simple case.  In other words, the Trustee asserts that the Applicant has already been paid enough.

As support, the Trustee relies on a recent decision from the Bankruptcy Court for the Eastern District of Michigan. *See In re Ulrich*, 517 B.R. at 77.  In evaluating the preconfirmation fees and expenses sought by an attorney for a Chapter 13 debtor, the *Ulrich* court carefully considered the record before it, placing great emphasis on a worksheet prepared by the attorney that estimated fees and expenses through confirmation. *Id*. at 84.  The court also relied on its own experience reviewing fee applications, the appropriate amount of fees in routine Chapter 13 cases based on such experience, and the impact of the fees and expenses on feasibility – namely, whether the fees and expenses would threaten the viability of the plan. *Id*. at 84-86.  The *Ulrich* court ultimately concluded that the preconfirmation fees and expenses sought were, on the whole, excessive and should therefore be reduced by approximately one half. *Id*. at 87-88.

The reasoning in *Ulrich* may be compelling in certain circumstances.  However, those circumstances are not present in this case based on the record.  Although the Debtor's case has been fairly routine to date, the fees and expenses requested by the Applicant all arise from post-confirmation services.  There is no worksheet or other estimate in the record upon which to rely. And, while the aggregate amount of fees requested by the Applicant to date is certainly on the high side, the court does not believe that the fees are unreasonable on the whole.  Based on the limited record before it, the court declines to extend *Ulrich* to the post-confirmation fees and expenses requested in the Application.

**B.**      ***ASARCO Applies in Chapter 13 Cases***

The Trustee and the UST next contend that a significant portion of the fees and expenses sought by the Applicant violate *ASARCO* because they relate to the defense of the First Application. In *ASARCO*, the United States Supreme Court held that section 330(a)(1) does not authorize compensation for defending a fee application. *ASARCO*, 135 S. Ct. at 2169. In reaching this conclusion, the Court first recognized that absent an explicit statutory directive or a provision in a contract stating otherwise, the American Rule controls. *Id*. at 2164. As such, each litigant must pay its own attorneys' fees, win or lose. *See id*. The Court observed that nothing in section 330(a)(1) of the Bankruptcy Code provides for the shifting of fees, like other statutes that displace the American Rule do. *Id*. at 2164-65. Relatedly, the Court noted that Congress clearly knew how to shift costs of litigation in bankruptcy, as it expressly did in other sections of the Bankruptcy Code. *Id*. at 2165-66. Finally, the Court rejected arguments that defense of a fee application falls within the ambit of services rendered, or that compensation sought defending a fee application should be viewed as compensation for the underlying services. *Id*. at 2166-67. The Court concluded by stating that section 330(a)(1) "does not authorize the award of fees for defending a fees application and that is the end of the matter." *Id*. at 2169.

The Applicant argues that *ASARCO* is not applicable because it involved section 330(a)(1), whereas in Chapter 13 cases, section 330(a)(4) is at issue.[3] This court disagrees. In *ASARCO*, the mandate from the Supreme Court was broad. The American Rule applies absent an express statutory directive or contractual provision to the contrary. *Id*. at 2164. Section 330(a)(4) is similar

---

[3]      The Applicant adopts inconsistent positions. In the Application, the Applicant states that it is not requesting fees in the extraordinary amount of $4,848.00 because to do so would violate *ASARCO*. However, when the Trustee and the UST filed their objections, the Applicant reversed course and now contends that *ASARCO* does not apply in chapter 13 cases. Roger Cotner, on behalf of the Applicant, explained at the initial hearing that he hoped his request would slide by unnoticed. *See* Mich. R. Prof. Cond. 3.3.

section 330(a)(1) – a bankruptcy court may award compensation to an attorney for representing the interests of a debtor in a Chapter 13 case. Here, the Applicant is not seeking compensation for representing the interests of the Debtor, or even the estate as in *ASARCO*. *See id*. at 2167. Instead, the Applicant, like the professionals in *ASARCO*, is seeking fees and expenses for representing the interests of itself in connection with the First Application. *See id.*; *In re Boomerang Tube, Inc*., 548 B.R. 69, 78 (Bankr. D. Del. 2016) (concluding *ASARCO* applies to requests for reimbursement of expenses). In other words, the Applicant is not seeking fees and expenses for labor performed for another." *ASARCO*, 135 S. Ct. at 2165. For these reasons and absent an exception, *ASARCO* requires application of the American Rule to fees and expenses requested under section 330(a)(4).

### 1.    *The Exceptions to the American Rule Do Not Apply*

As noted above, *ASARCO* identified two general exceptions to the American Rule. First, the American Rule does not apply to the extent that a fee shifting statute provides otherwise. The Applicant thus seems to argue that a statutory exception to the American Rule should be applied in this case.

In support, the Applicant cites to several decisions, none of which include any substantive discussion of *ASARCO* or otherwise suggest abrogation of the American Rule in the context of defending fee applications. *See America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095 (9th Cir. 2015) (attorneys' fees authorized by section 362(k)); *In re Banks*, 545 B.R. 241 (Bankr. N.D. Ill. 2016) (fees incurred not in defense of fee application, but in defense of plan confirmation); *Warren v. Dill (In re Warren)*, 532 B.R. 655 (Bankr. D. S.C. 2015) (attorneys' fees authorized by section 362(k)); *Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn)*, 2016 WL 836968 (Bankr. M.D. Ala. Mar. 3, 2016) (same).

As the Court concluded, Congress knew how to enact a fee shifting statute, but chose not to do so with respect to section 330(a)(1). *ASARCO*, 135 S. Ct. at 2165-66; *see In re Boomerang Tube*, 548 B.R. at 72-73 (identifying exceptions to American Rule). Section 330(a)(4), like section 330(a)(1), contains no fee shifting provision. As such, there is no statutory exception applicable to the Applicant's request to be compensated and reimbursed for defending its First Application.

Second, the Applicant argues that even in the absence of a fee shifting statute, the American Rule does not apply where a contractual provision expressly entitles a prevailing party to fees and expenses. The Applicant relies on its retention agreement with the Debtor, which states that the Debtor is responsible for the fees and expenses in connection with "preparing and prosecuting fee applications." The retention agreement further provides that "[t]he Client and the Attorney agree that if the Attorney initiates a collection proceeding against the Client for unpaid legal fees and costs, the Client will be liable for payment of the Attorney's reasonable attorney fees and costs incurred in connection with that collection. . ." The Applicant thus argues that such language permits the Applicant to be paid for defending the First Application, even after *ASARCO*. This argument fails on at least two fronts.[4]

As the UST and the Trustee note, the Applicant is seeking to be paid from property of the estate.[5] Therefore, the agreement between the Debtor and the Applicant, to which the estate is not a party, does not bind the estate. *See In re Boomerang Tube*, 548 B.R. at 74-75 (agreement between professional and committee does not bind estate). The Applicant cites to but one decision in support of its argument that the terms of the retention agreement control and therefore allow fees

---

[4]    The retention agreement is also not sufficiently specific to overcome the American Rule. *See In re River Road Hotel Partners, LLC*, 536 B.R. 228, 240-41 (Bankr. N.D. Ill. 2015) (citing *ASARCO*, 135 S. Ct. at 2165).

[5]    Because the Applicant has requested relief under section 330(a) and section 503, the court need not consider as part of this decision whether a contractual exception to the American Rule might apply in other contexts.

for defending fees. *See In re Marks*, 548 B.R. 703, 708-709 (Bankr. D. S.C. 2016). This decision is unhelpful to the Applicant, as *Marks* considered the fees requested by a mortgagee pursuant to the terms of loan documents in effect between the mortgagee and the debtor, not whether the American Rule applied to fees sought by an attorney for a Chapter 13 debtor.

Not to be deterred, the Applicant advances a novel argument by contending that when the Debtor's plan was confirmed, the confirmation order became *res judicata* as to the retention agreement. The Applicant relies on a local bankruptcy rule that requires an attorney for a Chapter 13 debtor to file his or her retention agreement on the docket prior to confirmation and consider any objections to the agreement "at the confirmation hearing or at such other time as the court may set." *See* LBR 2016-2(e)(1)(A). As such, the Applicant asserts that this court approved the retention agreement and all of its terms when the plan was confirmed. While creative, this argument is not persuasive.

In order for *res judicata* to apply, there must be (i) a final decision on the merits, (ii) a subsequent action between the same parties or their privies, (iii) an issue in the subsequent action that was litigated or should have been litigated in the prior action, and (iv) an identity of the causes of action. *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002). Here, the court did not consider the terms of the Applicant's retention agreement as part of confirmation – no such request was made. Therefore, the issue was never adjudicated. Nothing in the Debtor's plan, the confirmation order or the Bankruptcy Code dictates otherwise.

Moreover, the Applicant misinterprets the local rule, which in no way establishes a deadline for parties to object to, or the court to consider, the terms of retention agreements. The local rule allows the court to consider the propriety of a retention agreement at any time (*i.e.*, "at

such other time as the court may set").   Simply put, the local rule does not state what the Applicant contends.

### 2.      Policy Arguments

Finally, the Applicant advances several policy-based arguments, none of which are persuasive after *ASARCO*.  The Applicant first argues that defending against an objection to fees "is a tax, and a power to tax is a power to destroy."  In support, the Applicant cites to *McCullough v. Maryland*, 17 U.S. 316 (1819). This decision is not remotely on point, and the court is unsure how to interpret it, other than perhaps as a general complaint.

The Applicant next contends that denying fees and expenses to an attorney for a debtor in a Chapter 13 case for defending a fee application is inherently unfair.  The court infers that the Applicant is concerned with vexatious attacks on fees in bankruptcy cases, a concern recently noted and shared by this court.  *See In re Huepenbecker*, 546 B.R. 381, 385 (Bankr. W.D. Mich. 2015); *see also Boyd v. Engman*, 404 B.R. 467, 481 (W.D. Mich. 2009) (contentious nature of case is factor to consider under section 330(a)).  In *ASARCO*, the Court addressed a similar argument and concluded that a remedy exists to redress such improper attacks in the form of sanctions under Fed. R. Bankr. P. 9011.  *ASARCO*, 135 S. Ct. at 2168 n.4.

In this case, none of the objections raised by the UST or the Trustee in this case are in the least bit vexatious – they are quite valid.  Much like the Court explained in *ASARCO*, this court lacks "the authority to rewrite the statute even if [it] believed that uncompensated fee litigation would fall particularly hard on the bankruptcy bar."  *Id.* at 2169.  The Applicant's policy-based arguments are thus unavailing.

Reviewing the specific fees and expenses subject to objection as a result of *ASARCO*, the court agrees with the UST and the Trustee.  All of those fees and expenses relate to the Applicant's

defense of the First Application, including research that the Applicant performed to determine if the Trustee had a duty under sections 1302 and 704(a)(5) to object to the First Application. Each task was undertaken to further the Applicant's, not the Debtor's, interests. Because it is evident from the descriptions themselves that the fees and expenses relate to defense of the First Application, the court need not devote further explanation, with one exception.

The Applicant argues that his ethical duties required him to communicate with the Debtor regarding any compensation awarded, especially because the compensation would need to be paid by the Debtor pursuant to his one hundred percent plan. *See* Mich. R. Prof. Cond. 1.4 (duty to communicate). The Applicant contorts this argument to state that "[t]he Court must allow a debtor's attorney to fulfill his ethical obligations to his client with financially penalizing him to do so."

The Applicant's argument is problematic on many levels. First, the Debtor would be the beneficiary of any *reduction* in compensation, thereby putting him at odds with the Applicant. The Debtor would not have received any benefit in the event that the Applicant had prevailed with respect to the First Application. *See* 11 U.S.C. § 330(a)(4)(B). As such, the Applicant's communications regarding defense of the First Application that are subject to objection were of no benefit to the Debtor, nor were they necessary.

Second, the Applicant seems to take issue with the inability to be paid for any communications with the Debtor regarding the Debtor's performance under his confirmed plan. The Applicant overlooks an important fact - neither the UST nor the Trustee objected to the fees sought by the Applicant for communication with the Debtor *after* the court issued its ruling on the First Application. Instead, the UST and the Trustee (and the court) agree that the Debtor received a benefit from the Applicant's communication regarding the court's decision on the First

Application.  The communication was also necessary because it informed the Debtor of additional amounts he was required to pay under his plan.

Third, an attorney's ethical duties exist regardless of whether the attorney is entitled to compensation for compliance with those duties.  The court rejects any suggestion that Mr. Cotner's obligation to comply with his ethical duties is contingent upon compensation.

### C.      *Fee Application Preparation*

The UST and the Trustee also object to two time entries related to preparation of the First Application.  The first time entry seeks fees for reviewing previously entered time entries.  The time entry states "[r]eview attorney time log for accuracy, lumping, etc."  The second time entry seeks fees for review and preparation of the First Application, for which the Applicant previously requested, and received, compensation for one hour of time.

In his brief, the UST stresses that while a professional in bankruptcy may seek compensation under section 330(a)(6) for preparing the actual fee application, the professional should not be compensated for an itemized statement that would otherwise be prepared by an attorney outside of bankruptcy.   The court disagrees to some extent.  Professionals seeking compensation in bankruptcy are subject to more stringent disclosure requirements than attorneys outside of bankruptcy.  *See*, *e.g.*, Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses for Court Appointed Professionals, as Amended Effective Oct. 1, 2013 (Ex. 5 to Local Bankruptcy Rules for the Western District of Michigan); *see also In re Stanton*, ___ B.R. ___, 2016 WL 6299750 (Bankr. M.D. Fla. Oct. 26, 2016).  This court permits compensation for reasonable time spent by attorneys preparing fee applications that rise to the level of detail required in bankruptcy cases.  *See*, *e.g.*, *In re Hirsch*, 550 B.R. at 143 (noting 0.7 hours of time apportioned between attorney and paralegal appropriate); *In re Acevedo*, 2014 WL

6775272, at \*3 (Bankr. W.D. Mich. Nov. 24, 2014) (limit of generally no more than one hour for preparation of fee application and itemized statement).  With that said, the UST is correct in that a professional cannot bill time for billing time.

In this case, the Applicant has not persuaded the court that the additional fees for preparation of the First Application are reasonable.  The Applicant has already been awarded fees for one hour of time spent preparing the First Application.   And, the Applicant is not entitled to be compensated for reviewing previously recorded time entries as part of the First Application.  Rather, the Applicant appears to be billing time for billing time.   The Applicant has therefore not satisfied its burden of demonstrating that it is entitled to additional fees and expenses related to preparation of the First Application.

### CONCLUSION

For the foregoing reasons, the Applicant is awarded compensation and reimbursement of expenses in the aggregate amount of $640.56.  The court shall enter an order consistent with this Memorandum Decision.

**Signed: November 29, 2016**





John T. Gregg
United States Bankruptcy Judge